IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY DWAYNE WILLIAMS                                                                   PLAINTIFF

v.                                 Civil No. 13-2232

SHERIFF RON BROWN, Crawford
County, Arkansas; CAPTAIN BRANDON
TRENT; and LIEUTENANT VENA CUPP                                                DEFENDANTS

**MEMORANDUM OPINION**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (Doc. 22).

Plaintiff is currently incarcerated in the Pine Bluff Unit of the Arkansas Department of Correction. The events that are the subject of this case occurred while he was incarcerated in the Crawford County Detention Center, in Van Buren, Arkansas. He contends the Defendants put his life in jeopardy by failing to keep confidential the fact that he provided them with information about the planned escape of two inmates.

Pending before me for decision is the Defendants' motion for judgment on the pleadings (Doc. 19). Plaintiff has not responded to the motion.

**1.  Background**

According to the allegations of the amended (Doc. 9) and the supplemental complaint (Doc. 14), on July 5, 2013, Plaintiff submitted a document over the electronic kiosk machine indicating he knew of two inmates who were trying to escape through the air vents. Plaintiff

-1-

AO72A
(Rev. 8/82)

indicates he addressed the document to Lieutenant Cupp. Lieutenant Trent responded that he would pass the information on.

On July 9th, Plaintiff alleges the Defendants and other high ranking officers came into the pod he was in and ordered everyone to the yard for a shakedown. As Plaintiff was leaving the pod with the other inmates, Corporal Withman directed him to step aside and catch the wall. Plaintiff maintains this action made it clear to the two inmates trying to escape that it was the Plaintiff who told about them. Plaintiff alleges this put his life in danger from the two inmates. Plaintiff indicates the danger will continue after he is in the Arkansas Department of Correction since those inmates may be placed with him.

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129

S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants first maintain that the official capacity claims must be dismissed because Plaintiff has not alleged the existence of an unconstitutional policy or custom. Second, Defendants maintain that no claim has been stated against Sheriff Brown. Third, Defendants maintain the failure to protect claim is subject to dismissal because Plaintiff has not alleged that any of the Defendants were deliberately indifferent to any substantial risk of harm to him or that any substantial risk of harm even existed.

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Holden v. Hirner*, 663 F.3d 336, 340-41 (8th Cir. 2011)(*citing Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on his failure to protect claim, Plaintiff must first prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "This is an objective requirement to ensure the deprivation is a violation of a constitutional right." *Holden*, 663 F.3d at 341 (citation omitted). Second, Plaintiff must "establish the prison officials were deliberately indifferent to inmate health or safety. This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." *Id*. (citation and internal quotation marks omitted); *see also Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007)(discussing potential for substantial

risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

I agree that no plausible official capacity claim has been alleged.  A suit against a government employee in his official capacity is equivalent to a suit against the government entity itself.  *Crawford v. Van Buren County.,* 678 F.3d 666, 669 (8th Cir. 2012).  A claim of deprivation of a constitutional right cannot be based on a respondent superior theory of liability.  *See Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).  "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability."  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Instead, Crawford County may only be held liable "only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006)(internal quotation marks and citation omitted).  There is no such allegation here.

Next, I agree that no plausible claim has been stated against Sheriff Brown.  "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." *Id.*; *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).   There is no allegation that Sheriff Brown was involved in any actions that allegedly caused Plaintiff harm or even knew about it.  No claim is stated against him.

Finally, I agree that Plaintiff has failed to allege a plausible failure to protect claim.  There are no allegations suggesting that: the jail staffing was inadequate; an atmosphere of

violence existed; Plaintiff requested protection from the two inmates who planned the escape; Plaintiff had voiced any concerns for his safety; any threats were made; the two unidentified (at least in the complaint and supplemental complaint) inmates had any history of violence; or that there was any connection between the shakedown and the two inmates.

"[A] general risk of violence in a [prison] unit does not by itself establish knowledge of a substantial risk of harm." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). Additionally, "[a]n inmate's history of violence alone is insufficient to impute to prison officials subjective knowledge of the inmate's danger to harm other inmates." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

### 4. Conclusion

For the reasons stated, the motion for judgment on the pleadings (Doc. 19) will be granted and the case be dismissed.

DATED this 7th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE